## FUERST BROS. & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

No. 84 (4,168).

1. CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—"COCOANUT OIL"—REFINED OIL.
   In Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 626, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685). the provision for "cocoanut oil" includes refined as well as unrefined oil.

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

2. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—REFINED COCOANUT OIL—"COCOA BUTTERINE."
   Refined cocoanut oil is not "cocoa butterine," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 282, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652).

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*
   For other definitions, see Words and Phrases, vol. 8, p. 7605.]

3. CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—SPECIFIC DESIGNATION.
   "Cocoanut oil," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 626, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685), is a more specific term than "cocoa butterine," in section 1, Schedule G, par. 282, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652).

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from a decision (166 Fed. 1014) of the Circuit Court, Southern District of New York, in a customs case. The importation in question is refined cocoanut oil. The importers in their protest claimed that it was entitled to free entry as "cocoanut oil," under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 626, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685). The collector assessed it for duty under section 1, Schedule G, par. 282, of said act (30 Stat. 172 [U. S. Comp. St. 1901, p. 1652]), which reads as follows:

"Cocoa butter or cocoa butterine, three and one-half cents per pound."

The Board of General Appraisers affirmed the action of the collector, and the Circuit Court affirmed the Board. The importers appeal. Reversed.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (William A. Robertson, Sp. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The term "cocoanut oil" in the free list is broad enough to include refined

as well as unrefined oil. The merchandise in question is refined cocoanut oil, and consequently it is entitled to free entry unless it is more specifically provided for elsewhere.

The Circuit Court and the Board of Appraisers apparently held that the merchandise was properly assessed for duty as "cocoa butterine" because the importers had failed to show that it was not suitable for use as a substitute for cocoa butter.

We are by no means certain that the importers, having shown that the provision of the free list applied to this article, were obliged to go further and offer evidence to negative the application of the cocoa butterine paragraph. Refined and unrefined cocoanut oil might both be used as substitutes for cocoa butter without making "cocoa butterine" a more specific designation for them than "cocoanut oil."

But, assuming that the burden was upon the importers to show the nonapplication of the "cocoa butterine" paragraph, we think that they sustained it. We are fully satisfied from the evidence that refined cocoanut oil is not cocoa butterine, and that if it could be used as a substitute for cocoa butter, still it is more specifically described in the provision of the free list than in paragraph 282 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1652]).

The case of United States v. Oriental American Co. (C. C.) 129 Fed. 249, T. D. 25,179, is directly in point and is approved.

The decision of the Circuit Court is reversed.